IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 5:04-cr-00055-MCR-AK

GREGORY DENIS TRUETTE,

    Defendant.
_____/

## **ORDER**

This cause is before the Court on Defendant's amended motion to vacate and motion to supplement. Docs. 41 & 59. Defendant's claims relate to allegations that counsel was ineffective regarding his estimation of and promises about the length of Defendant's sentence, his failure to file a notice of appeal after being advised of Defendant's desire to appeal, his failure to object to or discuss with Defendant the Government's sentencing enhancement notice, and his failure to conduct any pretrial investigation regarding the validity of the underlying arrest warrant. Counsel, of course, denies all of these allegations.

Section 2255 "provides that the court *shall* conduct a hearing–regardless of whether one is requested–if the court cannot determine conclusively the issue before it based on the 'files and records of the case.'" *Humphrey v. United States*, 888 F.2d 1546, 1549 (11th Cir. 1989) (emphasis in original). To reach the merits of Defendant's motions without an evidentiary hearing would require the Court to either credit or discredit the sworn statements of the witnesses without an opportunity to assess the witnesses' candor and demeanor. When the Court is faced with conflicting evidence such as this, that is, where the defendant's word is pitted against that of his counsel, and the Court cannot conclusively determine the issue based on the

record evidence, the Court must hold an evidentiary hearing, the Eleventh Circuit having specifically rejected a *per se* rule which "'credit[s] counsel in case of conflict.'"  *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999).  In making this decision, the Court has in no way formed an opinion as to the merits of this case.

Since the Court believes an evidentiary hearing is required in this case, counsel must be appointed to represent Defendant at the hearing, and the hearing must be held "as promptly as practicable...."  § 2255, Rule 8(c).

In closing, the Court would remind the parties of a few matters.  First, the only issue before this Court is the question of whether Defendant was afforded his Sixth Amendment right to effective assistance of counsel.

Second, Defendant, not the Government, bears the burden of proof on his claims of ineffectiveness, and to prevail, Defendant must prove both prongs of the *Strickland* test by a preponderance of the evidence.

Third, the Court will not allow any collateral attacks on counsel.  The focus of this hearing is on this case and on counsel's representation of this Defendant.

Fourth, the Court will order production of all necessary reports and records as counsel requires with the costs taxed to the Clerk of Court.

Fifth, the Court will, of course, reserve the right to request supplemental briefing and will make such disposition of this matter as justice requires.

Finally, given the number of attorneys involved in this case, if a scheduling conflict arises, the parties shall confer and submit a joint motion to continue which contains mutually agreeable hearing dates for the Court's consideration.

Accordingly, it is **ORDERED**:

1. That an evidentiary hearing on Defendant's amended motion to vacate and motion to supplement is hereby set for **Friday, November 16, 2007, at 10:00 a.m.**, before the undersigned in Gainesville, Florida.

2. That **Thomas Edwards,** 4545 NW 8th Avenue, Gainesville, FL  32605, 352-377-7800, is hereby appointed to represent the Defendant, Gregory Denis Truette, at the evidentiary hearing.

3. That the Clerk shall immediately mail a copy of this Order to Mr. Edwards at the above address.

4. That the United States Marshal shall ensure that Defendant is housed within the perimeters of the Gainesville Division of this Court within ten (10) calendar days of the hearing date so that counsel can readily confer with his client as necessary.

**DONE AND ORDERED** this  *27th*  day of September, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**