# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                           **Case No. 5:04cr55-MCR**
                                                               **Case No. 5:09cv408-MCR/WCS**

**GREGORY DENIS TRUETTE,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION TO DISMISS PETITION

Defendant Truette filed a petition for writ of *audita querela* and a motion to supplement the petition "in legal affidavit form." Docs. 123 and 126. The motion is granted by separate order, and the petition as supplemented is considered in this recommendation.

Defendant asserts abuse of discretion at sentencing, disparity in sentencing, improper use of prior convictions to enhance his sentence, and that counsel was ineffective for failure to make these arguments at sentencing. Defendant seeks resentencing. Doc. 123, p. 10; doc. 126, p. 6.

Defendant asserts that due to extraordinary circumstances, 28 U.S.C. § 2255 does not preclude the court from considering his claims under the common law writ of *audita querela*. Doc. 123, pp. 3-4. Alleged extraordinary circumstances are that the "sentence is an extreme disparity and grossly disproportionate sentence to the offense." and "[r]e-sentencing is necessary to 'avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.*, p. 4, citing, *inter alia*, 18 U.S.C. § 3553(a) and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).[1]

Defendant previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Counsel was appointed, an evidentiary hearing was held, and the motion was denied with prejudice. Docs. 94 (report and recommendation), 100 (adopting recommendation, denying § 2255 motion as supplemented, and denying the motion to supplement and expand the record), and 101 (judgment entered on the docket on February 10, 2009). A certificate of appealability and leave to appeal in forma pauperis were denied by this court and the court of appeals. Docs. 105, 111, 118.

---

[1] In Kimbrough, the Supreme Court held that, in applying sentencing guidelines (made advisory in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)), a district court did not abuse its discretion in deviating from the advisory Guidelines range for crack cocaine offenses based on its conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a). 552 U.S. at 111, 128 S.Ct. 575-576. Defendant Truette's offense involved methamphetamine rather than crack cocaine, and he was sentenced to the minimum mandatory terms set by the statutes rather than the sentencing guidelines. *See* doc. 94, pp. 2-5 (discussing the charges, plea agreement, plea colloquy, and sentencing of this Defendant).

Defendant again seeks relief from the judgment and sentence, but by petition for writ of *audita querela*. Defendant is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," so he "may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). "[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255." United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005).

As explained in Holt, *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered." 417 F.3d 1172, 1174 (citation omitted). *See also* United States v. Ayala, 894 F.2d 425, 427 (D.C.Cir.1990) ("[t]he common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.' Although historically *audita querela* existed as a remedy primarily for judgment debtors, it apparently has been recognized as a remedy for criminal defendants in at least some state jurisdictions.") (citations and footnotes omitted).

Authority to recognize such remedies under 28 U.S.C. § 1651 is governed by United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), which found a prisoner no longer "in custody" for § 2255 purposes could seek relief by petition for writ of error coram nobis. 417 F.3d at 1174-75 (discussing Morgan); 894 F.2d at 427-

428 (discussing Morgan).  "The teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."  894 F.2d 425, 428; 417 F.3d at 1175 (*quoting* Ayala), *also citing* United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982).[2]

    The Eleventh Circuit followed the Seventh and other circuits in finding that "a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2255 or *coram nobis* motions."  417 F.3d at 1175 (collecting cases).  Though the court could liberally construe the motion as a § 2255 motion, the district court lacked jurisdiction to consider it in Holt's case because authorization for filing had not been granted by the Eleventh Circuit.  *Id.* (citations omitted).

    Defendant Truette has already been denied § 2255 relief, and must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 ¶ 8 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Authorization has not been granted, and this court lacks jurisdiction to consider what is equivalent to another § 2255 motion.  The restrictions on filing a second or successive motion can not "be evaded by the simple expedient of labeling

---

[2] The Seventh Circuit "own[ed] to some doubt," whether there was any "gap" in federal postconviction remedies, "given the availability of section 2255 for defendants in federal custody and coram nobis for defendants no longer in federal custody.  Moreover, even if there were such a gap, it is very doubtful that *audita querela* would be the means to fill it.  Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors."  Kimberlin, 675 F.2d at 869 (citation omitted); Ayala, 894 F.2d at 428 (quoting this in part).

second or successive filings to be something they are not." <u>Gonzalez v. Secretary for the Dept. of Corrections</u>, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc).[3]

It is therefore respectfully **RECOMMENDED** that Defendant Truette's petition for writ of *audita querela*, as supplemented (docs. 123 and 126) be **SUMMARILY DISMISSED** as an attempt to file an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] The opinion was affirmed (but with a different analysis of the Fed.R.Civ.P. 60 issue) in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). *See* <u>Jackson v. Crosby</u>, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in <u>Gonzalez</u>).

Case Nos. 5:04cr55-MCR and 5:09cv408-MCR/WCS